McCuin PHILLIPS,
Claimant/Appellant,

v.

CLEAN–TECH, Employer/Respondent,

and

Missouri Department of Labor and Industrial Relations Division of Employment Security, Additional Party/Respondent.

No. ED 77931.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 2000.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

McCuin Phillips, St. Louis, MO, pro se.

Clean–Tech, St. Louis, MO, pro se.

Larry R. Ruhmann, Missouri Department of Labor and Industrial Relations Division of Employment Security, St. Louis, MO, for additional party/respondent.

Before MARY K. HOFF, C.J., KATHIANNE KNAUP CRANE, J. and ROBERT E. CRIST, Sr.J.

PER CURIAM.

The Labor and Industrial Relations Commission (Commission) denied claimant's application for review of the appeals tribunal's decision because the application for review was untimely. Claimant's untimely application divested both the Commission and this court of jurisdiction in this matter. Accordingly, we dismiss this appeal.

McCuin Phillips, claimant, filed a claim for unemployment compensation with the Division of Employment Security. The deputy found that claimant was disqualified because he had voluntarily left his employment with his employer, Clean–Tech. Claimant filed an appeal with the appeals tribunal, which affirmed the deputy's determination. It mailed its decision to claimant on February 17, 2000. On April 4, 2000, the Commission received claimant's Application for Review of the decision of the Appeals Tribunal. The Commission denied this application because the application was not postmarked or received within thirty days of mailing of the decision.

Claimant, acting *pro se,* appeals that decision to this court. On appeal claimant admits that his application was untimely but argues that he was not aware of the time restrictions and the delay did not adversely impact any of the parties.

A party to any decision of an appeals tribunal may file with the Commission within thirty days following the date of notification or mailing of such decision, an application to have that decision reviewed by the Commission. Section 288.200.1 RSMo (Cum.Supp.1996). In this case, claimant's application for review was untimely because it was filed forty-seven days after the Appeals Tribunal's award.

Section 288.200 RSMo does not provide for late filing and does not recognize any exceptions for filing out of time. The timely filing of an application for review in an administrative case is jurisdictional. *Weber v. Division of Employment Sec.,* 950 S.W.2d 686, 687 (Mo.App.1997). Claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Id.* Because our jurisdiction is derived from that of the Commission, we have no jurisdiction if the Commission does not. *Id.*

The appeal is dismissed for lack of jurisdiction.