Tammy NIFFEN, Claimant/Appellant,

v.

CASEY'S MARKETING COMPANY and Division of Employment Security, Respondents.

No. ED 81680.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 15, 2002.

Tammy Niffen, Louisiana, pro se.

Casey's Marketing Company, c/o The Gibbens Co., Inc., Des Moines, IA, pro se.

Larry R. Ruhmann, St. Louis, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Tammy Niffen, the claimant, filed an appeal from the decision of the Labor and Industrial Relations Commission denying her application for review as untimely. The respondent, the Division of Employment Security (DES), has filed a motion to dismiss the appeal contending this Court is without jurisdiction to consider the claimant's appeal. The claimant has filed no response to the motion.

On February 7, 2002, a deputy from DES made a determination that the claimant was disqualified from receiving unemployment benefits because she voluntarily quit her employment without good cause attributable to her work. The claimant filed an appeal to the Appeals Tribunal, which dismissed her appeal for failure to participate in the hearing. It mailed its decision to the claimant on March 13, 2002. The claimant filed an application for review with the Commission on July 13, 2002. The Commission denied her application for review because it was untimely. The claimant appealed to this Court.

Section 288.200, RSMo 2000, requires that an appeal to the Commission shall be postmarked or filed within thirty days of the mailing of the Appeals Tribunal's decision. The claimant's application for review to the Commission was due April 12, 2002. Her application was filed some three months later and thus, was untimely. Her failure to request review in a timely fashion divested both the Commission and this Court of jurisdiction. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Moreover, there is no mechanism under sections 288.200 or 288.210 to seek a special order to file a late notice of appeal. *Phillips,* 34 S.W.3d at 855.

The respondent's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.