Fred HASKINS, Claimant/Appellant,

v.

WATKINS MOTOR LINES, INC. and, Division of Employment Security, Respondents.

No. ED 81828.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 26, 2002.

Fred Haskins, St. Louis, pro se.

Watkins Motor Lines, Inc., St. Louis, pro se.

Alan J. Downs, St. Louis, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Fred Haskins, appeals the Labor and Industrial Relations Commis-sion's order denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

On April 21, 2002, the claimant filed a claim for unemployment benefits with the Division of Employment Security (DES). A deputy determined the claimant was qualified for benefits. His employer ap-pealed. The Appeals Tribunal reversed the deputy's determination, found the claimant had been discharged for miscon-duct relating to his work, and disqualified him for waiting-week credit and benefits for six weeks. The Appeals Tribunal mailed its decision to the claimant on July 12, 2002. On August 26, 2002, the claim-ant filed an application for review with the Commission. The Commission denied his application because it was untimely. The claimant, acting *pro se*, appealed to this Court. The respondent, DES, has filed a motion to dismiss the appeal contending this Court lacks jurisdiction. The claimant has filed no response.

Section 288.200, RSMo 2000, gives a claimant thirty days after the Appeals Tri-bunal mails its decision to file an applica-tion for review with the Commission. Here, the claimant failed to meet this time limitation. He filed his application 45 days after the Appeals Tribunal mailed its deci-sion. The time limitation in section 288.200 is jurisdictional and without excep-tion. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The statuto-ry procedure for appeals in unemployment cases is mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Therefore, the claimant's failure to file his application in a timely manner divests both the Commission and this Court of jurisdic-tion. *Phillips*, 34 S.W.3d at 855.

---

The respondent's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.