Amy BUHR, Claimant/Appellant,

v.

ST. LOUIS CONVENTION AND VISITORS COMMISSION and, Division of Employment Security, Respondents.

No. ED 81960.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 31, 2002.

Amy Buhr, St. Louis, MO, pro se, for appellant.

St. Louis Convention and Visitors Commission, St. Louis, pro se.

Alan J. Downs, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Amy Buhr, appeals the Labor and Industrial Relations Commission's order denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

The claimant filed a claim for unemployment benefits with the Respondent Division of Employment Security. A deputy determined the claimant was disqualified from receiving benefits because she left work voluntarily without good cause attributable to her work or employer. The claimant appealed to the Appeals Tribunal. When the claimant failed to participate in a telephone hearing, the Appeals Tribunal dismissed the appeal. The Appeals Tribunal mailed its decision to the claimant on August 7, 2002. The claimant filed by mail an application for review with the Commission. The application was postmarked September 13, 2002. The Commission denied her application because it was untimely. The claimant appeals to this Court. Respondent has filed a motion to dismiss the appeal contending this Court lacked jurisdiction to review it. The claimant has filed no response to the motion.

Section 288.200, RSMo 2000, gives a the claimant thirty days after the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the claimant failed to meet this time limitation. Her application was postmarked September 13, 2002, which was 36 days after the Tribunal mailed its decision on August 7, 2002. The postmark affixed to a mailed application determines the date of filing. Section 288.240, RSMo 2000.

The time limitation in section 288.200 is jurisdictional and mandatory. *Goodrich v. Division of Employment Security,* 83 S.W.3d 70, 70–71 (Mo.App. E.D.2002). Moreover, unlike section 288.070.8, section 288.200 provides no mechanism for extending the deadline for filing an application for review. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). The claimant's failure to file her application in a timely manner divested the Commission of jurisdiction. *Id.* As our jurisdiction derives from that of the Commission, we also lack jurisdiction. *Id.*

Respondent's motion to dismiss is granted and the claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.