Brenda WILLIAMS,
Claimant/Appellant,

v.

ESI MAIL PHARMACY SERVICE, INC., and Division of Employment Security, Respondents.

No. ED 82348.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 8, 2003.

Brenda Williams, St. Charles, pro se.

ESI Pharmacy Service, Inc., Maryland Heights, pro se.

Larry R. Ruhmann, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Brenda Williams, appeals the order of the Labor and Industrial Relations Commission disqualifying her from unemployment benefits because she left work voluntarily without good cause attributable to the work or the employer.[1] Because we find the claimant's notice of appeal is untimely, we dismiss the appeal.

As in all cases, this Court has a duty to examine its jurisdiction *sua sponte. City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.,* 66 S.W.3d 139, 142 (Mo.App. E.D.2001). In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health Dept.,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). Section 288.210, RSMo 2000, governs appellate jurisdiction in employment security cases. That statute provides an aggrieved party twenty days to appeal the Commission's decision after it becomes final. *Id.* The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to the claimant on December 11, 2002. Therefore, the decision became final ten days later on December 21, 2002. Section 288.200.2; Section 288.240, RSMo 2000. The claimant's notice of appeal was due on January 10, 2003. Section 288.210. The claimant's notice of appeal was filed with the Commission on January 11, 2003 and was untimely.

We issued an order directing the claimant to show cause why her appeal should not be dismissed. The claimant filed a response indicating she did mail her notice of appeal on January 10, 2003. However, the record provided contains a copy of the envelope in which the claimant mailed her notice of appeal. It is clearly postmarked January 11, 2003. Under section 288.240, RSMo 2000, a notice of appeal mailed to and received by the Commission will be considered filed "as of the date endorsed by the United States post office on the envelope" in which the notice of appeal is enclosed. The Commission properly filed

---

1. The claimant has a companion case against another employer, No. ED82349. An opinion in that case is being handed down at the same time as this case.

the notice of appeal on January 11, 2003, the date the envelope was endorsed by the post office.

The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health Dept.,* 84 S.W.3d 524, 525 (Mo.App.E.D. 2002). Neither section 288.200 nor section 288.210 provides a mechanism for seeking a special order to file a late notice of appeal. *Mathis,* 84 S.W.3d at 525; *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.

---

1. The claimant has a companion case against another employer, No. ED82348. This opinion borrows substantially from that opinion.