**Richelle STEPHENS,**
**Claimant/Appellant,**

v.

**NATIONAL ARCHIVES, and Division of Employment Security,**
**Respondents.**

**No. ED 82884.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2003.

Richelle D. Stephens, St. Louis, pro se.

National Personnel Record Center, St. Louis, pro se.

Ninion S. Riley, Jefferson City, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Richelle Stephens, the claimant, appeals the decision of the Labor and Industrial Relations Commission denying her application for review as untimely. The respondent, Division of Employment Security, has filed a motion to dismiss the appeal and argues this Court is without jurisdiction. The claimant has filed no response to the motion. We dismiss the appeal for lack of jurisdiction.

On January 16, 2003, a deputy from the Division of Employment Security concluded that the claimant was disqualified from receiving unemployment benefits because she left work voluntarily without good cause attributable to her work or employer. The claimant filed a timely appeal to the Appeals Tribunal. After a telephone hearing, the Appeals Tribunal issued a decision affirming the deputy's determination. The Appeals Tribunal mailed its decision to the claimant on February 19, 2003. The claimant then filed an application for review with the Commission. According to the Commission's records, the application for review was sent by facsimile transmission on March 25, 2003. The Commission denied the claimant's application for review because it was untimely.

Section 288.200, RSMo 2000, requires that an application for review to the Commission shall be postmarked or filed within thirty days of the mailing of the Appeals Tribunal's decision. Here, the Appeals Tribunal mailed its decision to the claimant on February 19, 2003. Therefore, the claimant's application for review was due on March 21, 2003. Section 288.200. The claimant's application for review was not filed until March 25, 2003 and was untimely.

The claimant's failure to file a timely application for review with the Commission deprived the Commission as well as this Court of jurisdiction. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Under section 288.200 there is no provision for filing an application for review out of time. *Id.* As such, the procedures outlined for appeal by statute in unemployment-security cases, including the filing requirements, are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997).

The respondent's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.