Steven WOEPKE, Claimant/Appellant,

v.

MISSOURI–AMERICA WATER CO., and Division of Employment Security, Respondents.

No. ED 82716.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2003.

Steven Woepke, St. Louis, pro se.

Missouri–American Water Company, Larry R. Ruhmann, St. Louis, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Steven Woepke, appeals the decision of the Labor and Industrial Relations Commission dismissing his application for review as untimely. The respondent, Division of Employment Security, has filed a motion to dismiss the appeal contending this Court is without jurisdiction. The claimant has filed no response to the motion. We dismiss the appeal for lack of jurisdiction.

On November 12, 2002, a deputy from the Division of Employment Security concluded that the claimant was disqualified from unemployment benefits because he was discharged by his employer for misconduct connected with his work. The claimant filed a timely appeal to the Appeals Tribunal. After a telephone hearing, the Appeals Tribunal issued a decision affirming the deputy's determination. The Appeals Tribunal mailed its decision to the claimant on January 10, 2003. The claimant then filed an application for review with the Commission. According to the Commission's records, the postal endorsement date on the claimant's application for review was February 13, 2003. The Commission dismissed the claimant's application for review because it was untimely.

Section 288.200, RSMo 2000, requires that an application for review to the Commission shall be postmarked or filed within thirty days of the mailing of the Appeals Tribunal decision. Here, the Appeals Tribunal mailed its decision to the claimant on January 10, 2003. Therefore, the claimant's application for review was due on Monday, February 10, 2003. Section 288.200; section 288.240, RSMo 2000. The claimant's application for review was not filed until February 13, 2003, and was untimely.

The timely filing of an application for review in an administrative case is jurisdictional. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The claimant's failure to file a timely application for review divests the Commission and this Court of jurisdiction. *Id.* In addition, section 288.200 does not provide any exceptions for filing out of time. *Id.* The procedures outlined for appeal by statute in unemployment-security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997).

The respondent's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.