Linda J. CHRISTINE, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 83013.

Missouri Court of Appeals, Eastern District, Division Five.

July 29, 2003.

**748**

Linda J. Christine, Wright City, pro se.

Ronald Joe Miller, Ninion Riley, Department of Revenue, Jefferson City, for respondent.

Mikasa Dinnerware Plus, Warrenton, pro se.

SHERRI B. SULLIVAN, Chief Judge.

Linda J. Christine (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

On February 10, 2003, a deputy from the Division of Employment Security (DES) concluded that Claimant was not an insured worker because her total base period insured wages were not at least one and one-half times her high quarter insured wages as set forth in Section 288.030.1.[1] Claimant filed a timely appeal to the Appeals Tribunal. After a telephone hearing, the Appeals Tribunal issued a decision affirming the deputy's determination. On March 20, 2003, the Appeals Tribunal mailed its decision to Claimant, who filed an application for review with the Commission. The Commission denied Claimant's application for review because it was untimely. Claimant then filed a notice of appeal to this Court. DES has filed a motion to dismiss the appeal, arguing that this Court is without jurisdiction. Claimant has filed no response to the motion.

Section 288.200 requires an application for review to the Commission to be postmarked or filed within thirty (30) days of the mailing of the Appeals Tribunal decision. The Appeals Tribunal mailed its decision on March 20, 2003. Therefore, Claimant's application for review was due on Monday, April 21, 2003. *See* Section 288.200; Section 288.240. According to the Commission's records, the postal endorsement date on Claimant's application for review was April 24, 2003. Thus, Claimant's application for review was untimely.

Failure to file a timely application for review with the Commission deprives the Commission and this Court of jurisdiction. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In addition, Section 288.200 provides no mechanism for filing an application for review out of time. *Id.* The appellate procedures in unemployment security cases, including the filing requirements, are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Because Claimant's application for review was untimely, this Court does not have jurisdiction over Claimant's appeal.

DES's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY and GEORGE W. DRAPER, III, JJ., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.