**Dorothy SLAUGHTER, Appellant,**

v.

**CCG ENTERPRISES, INC., d/b/a Burger King, and Division of Employment Security, Respondents.**

**No. ED 83265.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 16, 2003.

Dorothy Slaughter, St. Louis, pro se.

Gateway Candy Corp., Bridgeton, pro se.

Alan J. Downs, Assistant Attorney General's Office, St. Louis, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

Dorothy Slaughter (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her application for unemployment benefits. Because we find Claimant's notice of appeal is untimely, we dismiss the appeal.

After Claimant filed a claim for unemployment benefits, a deputy determined she was disqualified from receiving them because she left her work voluntarily without good cause attributable to her work or employer. She appealed to the Appeals Tribunal, which sent her notice of a telephone hearing. Claimant failed to follow the instructions on the notice of telephone hearing and did not call to provide a telephone number where she could be reached. As a result, the Appeals Tribunal dismissed her appeal. Claimant then sought review by the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on June 23, 2003. Claimant filed a notice of appeal to this Court on July 31, 2003.

An aggrieved party has twenty days to appeal a final decision of the Commission. Section 288.210.[1] The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Secretary for the Commission mailed its decision to Claimant on June 23, 2003. The decision became final ten days later on July 3, 2003. Section 288.200.2. Therefore, Claimant's notice of appeal was due on July 23, 2003. Section 288.210. Claimant's notice of appeal, which was filed on July 31, 2003, was untimely under section 288.210. The Division of Employment Security (Division) has filed a motion to dismiss Claimant's appeal because it is untimely. Claimant has failed to file a response.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). In addition, Section 288.210 fails to make any provision for filing a late notice of appeal. *Id.; McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The Division's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.