Sheron HUNTLEY,
Claimant/Appellant,

v.

SONIC DRIVE–IN and Division of Employment Security,
Respondents.

No. ED 84503.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 10, 2004.

Sheron Huntley, St. Louis, MO, for Appellant.

Sonic Drive–In, Swansea, IL, Cynthia A. Quetsch, Jefferson City, MO, For Respondent.

GEORGE W. DRAPER III, Chief Judge.

Sheron Huntley (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the Appeals Tribunal's denial of unemployment benefits to her. Because we find the Claimant's notice of appeal is untimely, we dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded Claimant was disqualified from receiving unemployment benefits for seven weeks because she was discharged from her work for misconduct connected with work. Claimant filed an appeal with the Appeals Tribunal, who dismissed her appeal as untimely. Claimant filed an application for review by the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on March 25, 2004. Claimant filed a notice of appeal to this Court on April 28, 2004.

The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000. Claimant has twenty days to appeal a final decision of the Commission. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on March 25, 2004. The decision became final ten days later and the notice of appeal was due on Monday, April 26, 2004. Section 288.200; section 288.210; 288.240. Claimant's notice of appeal, which was filed on April 28, 2004, was untimely under section 288.210.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Service, Inc.,* 103 S.W.3d 848 (Mo.App. E.D.2003). After reviewing our jurisdiction, we issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant filed a response indicating her notice of appeal was originally returned to her because she did not put enough postage on it.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save,* 121 S.W.3d 261, 261 (Mo.App.E.D.2003). Unfortunately, section 288.210 fails to make any provision for late filing and does not recognize any exceptions for filing out of time. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Even though Claimant may have a good excuse for the untimeliness of her appeal, our only recourse is to dismiss her appeal.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.