**Charlotte TATE, Claimant/Appellant,**

**v.**

**BOARD OF EDUCATION ST. LOUIS CITY, and Division of Employment Security, Respondents.**

**No. ED 84928.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 21, 2004.

Charlotte Tate, St. Louis, MO, pro se.

Larry R. Ruhmann and Diana M. Golfin, St. Louis, MO, for respondents.

GEORGE W. DRAPER III, Chief Judge.

Charlotte Tate (Claimant) appeals the Labor and Industrial Relations Commission's decision denying her application for review as untimely. Because Claimant's application for review to the Commission was untimely, we are divested of jurisdiction and must dismiss his appeal.

A deputy for the Division of Employment Security (Division) determined that Claimant had been overpaid $2,265 in unemployment benefits, because she had been paid during a period of ineligibility. Claimant was a substitute teacher for the City of St. Louis and the period of ineligibility was during the summer between academic years. The question concerned whether she had been provided a reasonable assurance of employment in the fall of 2002. Section 288.040, RSMo 2000. Claimant appealed to the Appeals Tribunal. On May 20, 2004, the Appeals Tribunal dismissed her appeal after she failed to participate in a telephone hearing. Claimant filed an application for review with the Commission by facsimile on June 10, 2004. The Commission denied her application for review because it was untimely. Claimant now appeals to this Court.

Section 288.200, RSMo 2000 requires a claimant to file an application for review by the Commission within thirty days after the Appeals Tribunal mails its decision. If an application for review is faxed, it is deemed filed on the date the Division's fax machine receives it. 8 C.S.R. 20–4.010(1)(C). Here, the Appeals Tribunal mailed its decision to Claimant on May 10, 2004. Her application for review was due thirty days later, on June 9, 2004. Because she faxed her application for review on June 10, 2004, it was untimely.

The timely filing of an application for review is jurisdictional. *Goodrich v. Division of Employment Security*, 83 S.W.3d 70, 70–71 (Mo.App. E.D.2002). Failure to file an application for review in a timely manner divests both the Commission and this Court of jurisdiction. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.1999). The Division has filed a motion to dismiss this appeal, contending we have no jurisdiction. Claimant has not filed a response. In her notice of appeal to this Court, she asserted that she did file an application for review within thirty days. However, there is nothing in the record on appeal to support this assertion and Claimant offers none in response to the motion to dismiss.

The record establishes that Claimant filed her application for review on June 10, 2004, one day past the time limitation enunciated in section 288.200. Even if an application is overdue one day, the statute provides no mechanism for extending the deadline for filing an application for review. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Division's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.