**Michelle WILLIAMS,**
Claimant/Appellant,

v.

**MITCH MURCH'S MAINTENANCE MANAGEMENT COMPANY and Division of Employment Security, Respondents.**

No. ED 85076.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 4, 2005.

Michelle Williams, St. Louis, MO, for appellant.

Cynthia A. Quetsch, Jefferson City, MO, for respondents.

GEORGE W. DRAPER III, Chief Judge.

Michelle Williams (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) regarding her unemployment benefits. The appeal is dismissed.

A deputy of the Division of Employment Security (Division) concluded Claimant was disqualified from receiving unemployment benefits because she left work voluntarily without good cause attributable to her work or employer. She filed an appeal with the Appeals Tribunal, which conducted a telephone hearing. The Appeals Tribunal affirmed the deputy's decision and Claimant then filed an application for review by the Labor and Industrial Relations Commission. The Commission affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on July 26, 2004. Claimant filed a notice of appeal to this Court by facsimile on September 3, 2004.

Once the Commission's decision is mailed to the parties, it becomes final ten days thereafter. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal a final decision of the Commission. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on July 26, 2004. The decision became final ten days later and the notice of appeal was due on August 25, 2004. Section 288.200; Section 288.210. Claimant's notice of appeal, which was filed on September 3, 2004, was untimely under section 288.210.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Service, Inc.,* 103 S.W.3d 848 (Mo.App. E.D.2003). After reviewing our jurisdiction, we issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant did not file a response to our order.

Claimant's notice of appeal was untimely. Section 288.210 fails to make any provision for late filing and does not recognize any exceptions for filing out of time. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save,* 121 S.W.3d 261, 261 (Mo.App.E.D.2003).

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J. and GLENN A. NORTON, J., concur.