Shirlon LOVELACE,
Claimant/Appellant,

v.

BARNES–JEWISH HOSPITAL
and Division of Employment
Security, Respondents.

No. ED 85537.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 29, 2005.

Shirlon Lovelace, Jennings, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Shirlon Lovelace (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) regarding her unemployment benefits. The appeal is dismissed.

A deputy of the Division of Employment Security (Division) found Claimant was disqualified from receiving unemployment benefits because she left work voluntarily without good cause attributable to her work or employer. Claimant filed an appeal with the Appeals Tribunal, who affirmed the deputy's decision with slight modifications. Claimant then filed an application for review by the Commission. The Commission affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on September 29, 2004. Claimant filed a notice of appeal to this Court on December 3, 2004.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Service, Inc.*, 103 S.W.3d 848 (Mo.App. E.D.2003). It appears that Claimant's notice of appeal to this Court is untimely. The Commission mailed its decision to Claimant on September 29, 2004. The Commission's decision became final ten days after the date it was mailed to the parties. Section 288.200.2, RSMo 2000. Claimant then had twenty days to appeal the Commission's final decision. Section 288.210, RSMo 2000. Claimant's notice of appeal was due on October 29, 2004. *Id.* Claimant's notice of appeal, which was filed on December 3, 2004, was untimely under section 288.210.

After reviewing our jurisdiction, we issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant has not filed a response. However, in her notice of appeal, she acknowledged that her appeal was untimely. She stated that she received the Commission's decision, but did not understand that a decision had been made and she received no additional notice about filing an appeal.

An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save*, 121 S.W.3d 261, 261 (Mo.App.E.D.2003). Although Rule 81.07 does allow late notices of appeal in certain cases, this rule does not apply in administrative cases absent specific legislative authority. *See, Otte v. Langley's Lawn Care, Inc.*, 66 S.W.3d 64, 68 (Mo.App. E.D.2001); *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Section 288.210 fails to make any provision for late filing.

Therefore, Claimant's failure to file her notice of appeal in a timely fashion, despite her reasons for her lateness, deprives this

Court of jurisdiction and our only recourse is to dismiss her appeal.[1]

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.

1. We note, however, that the Commission's decision clearly stated that it would be final in ten days and that "[w]ithin twenty days after this decision becomes final, an aggrieved party may secure an appeal to the appropriate Missouri Court of Appeals provided in section 288.210 RSMo. **You will not receive additional notice.** If you choose to appeal this decision to the Missouri Court of Appeals, a Form 8–D, Notice of Appeal, must be filed with the Commission within thirty days of the date of this Order." (emphasis added).