**Harry WATKINS, Claimant/Appellant,**

v.

**KINGS FOOD PHILIPS INC.,
and Division of Employment
Security, Respondents.**

**No. ED 85692.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 12, 2005.

Barry Watkins, St. Louis, MO, for appellant.

Cynthia A. Quetsch, Jefferson City, MO, Kings Food Philips, Inc., Florissant, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

In this unemployment case, Barry Watkins (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision affirming the Appeals Tribunal's dismissal of his appeal. Claimant's notice of appeal to this Court is untimely. As a result, we have no jurisdiction and dismiss Claimant's appeal.

A deputy for the Division of Employment Security (Division) denied Claimant's request for unemployment and concluded he had voluntarily quit his job without good cause attributable to his work or employer. Claimant appealed to the Appeals Tribunal, which dismissed his appeal after he failed to participate in a telephone hearing. Claimant filed an application for review with the Commission. The Commission affirmed the Appeals Tribunal's dismissal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on December 8, 2004. Claimant appealed to this Court by filing a notice of appeal with the Commission by facsimile on January 9, 2004.

Once the Commission's decision is mailed to the parties, it becomes final ten days thereafter. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal a final decision of the Commission. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on December 8, 2004. The decision became final ten days later and the notice of appeal was due on January 7, 2005. Section 288.200; Section 288.210. Claimant sent his notice of appeal by facsimile on January 9, 2005. If a notice of appeal is faxed, it is deemed filed on the date the Division's fax machine receives it. 8 C.S.R. 20–2.010(4). Claimant's notice of appeal, filed on January 9, 2005, was untimely.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Service, Inc.,* 103 S.W.3d 848 (Mo.App. E.D.2003). After reviewing our jurisdiction, we issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant filed a response addressing only the merits of his appeal. He did not address the timeliness of his notice of appeal. Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save,* 121 S.W.3d 261, 261 (Mo.App.E.D.2003).

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.