**Billy MILLER, Claimant/Appellant,**

v.

**HUMPHREY'S RESTAURANT & TAVERN and Division of Employment Security, Respondents.**

**No. ED 86830.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 8, 2005.

---

2. All statutory references are to RSMo 2000, unless otherwise indicated.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Billy Miller, Florissant, MO, Appellant acting pro se.

Humphrey's Restaurant & Tavern, St. Louis, MO, Respondent acting pro se.

GLENN A. NORTON, C.J.

Claimant Billy Miller appeals the decision of the Labor and Industrial Relations Commission (Commission) regarding his unemployment benefits. Because Claimant's notice of appeal is untimely, we dismiss the appeal.

Claimant sought unemployment benefits after his separation from employment with Humphrey's Restaurant (Employer). A deputy awarded Claimant unemployment benefits, and Employer appealed to the Appeals Tribunal of the Division of Employment Security. After a telephone hearing, at which Claimant failed to appear, the Appeals Tribunal reversed the deputy's award and disqualified Claimant from receiving unemployment benefits. Claimant appealed to the Commission, which affirmed the Appeals Tribunal's decision. The Secretary for the Commission certified that she mailed a copy of the Commission's decision to Claimant on June 9, 2005. The notice accompanying the Commission's decision clearly states that it will become "final ten (10) days after the date of mailing" and that the notice of appeal is due twenty (20) days thereafter. Claimant filed his notice of appeal on August 18, 2005.

A party aggrieved by a Commission's decision is allowed an appeal to the appropriate court of appeals. Section 288.210, RSMo 2000. However, the notice of appeal is due within twenty days after the Commission's decision is final. *Id.* The Commission's decision becomes final ten days after the date of mailing of the decision to the parties. Section 288.200.2, RSMo 2000. The timelines for the filing of the notice of appeal are mandatory and there is no provision in the unemployment statutes for the filing of a late notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

Here, Claimant's notice of appeal was not filed in a timely fashion. The Commission's decision was mailed on June 9, 2005. It became final ten days later and Claimant's notice of appeal was due twenty days thereafter, on Monday, July 11, 2005. Sections 288.200.2; 288.210, 288.240. Claimant filed his notice of appeal on August 18, 2005, more than one month after it was due.

We issued an order directing Claimant to show cause why his appeal should not be dismissed. Claimant filed a response, but offered no explanation for the lateness of his appeal. He asks that the appeal be allowed to go forward. However, this Court has no mechanism for allowing a late notice of appeal in an unemployment case. *Phillips,* 34 S.W.3d at 854. Claimant's untimely filing of his notice of appeal is fatal and deprives this Court of jurisdiction to entertain the appeal. *Watkins v. Kings Food Philips, Inc.,* 160 S.W.3d 421 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The appeal is dismissed.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concur.