Charles GOODSON,
Claimant/Appellant,

v.

MARRIOTT HOTEL SERVICES, INC.,
and Division of Employment
Security, Respondents.

No. ED 87328.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 4, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Charles Goodson, Saint Louis, MO, Claimant/Appellant acting pro se.

Marriott Hotel Services, Saint Louis, MO, Respondent acting pro se.

GLENN A. NORTON, Chief Judge.

This case involves an appeal in an unemployment case from the decision of the Labor and Industrial Relations Commission. Because the notice of appeal to this Court is untimely, however, the appeal is dismissed.

Charles Goodson (Claimant) applied for unemployment benefits after losing his job with employer. A deputy from the Division of Employment Security determined Claimant was disqualified from receiving unemployment benefits under section 288.050, RSMo 2000, because he was discharged due to misconduct connected with his work. Claimant appealed to the Appeals Tribunal, which dismissed his appeal. Claimant appealed to the Commission, which affirmed the Appeals Tribunal.

Claimant then filed a notice of appeal to this Court.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Watkins v. Kings Food Philips Inc.*, 160 S.W.3d 421 (Mo.App. E.D.2005). After reviewing the record on appeal, this Court issued an order directing Claimant to show cause why his appeal should not be dismissed for lack of a timely notice of appeal. Claimant has not filed a response to the order.

 In unemployment cases, the statutes allow an aggrieved party twenty days to file a notice of appeal from the date the Commission's decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on October 25, 2005. The decision became final ten days later and Claimant's notice of appeal was due on Monday, November 28, 2005. Sections 288.200.2; section 288.210; section 288.240, RSMo 2000 (if the thirtieth day falls on a weekend or holiday, the filing date falls to the next business day). Claimant filed his notice of appeal on December 5, 2005, which is untimely.

Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save*, 121 S.W.3d 261, 261 (Mo.App. E.D.2003). Although Rule 81.07 does allow late notices of appeal in certain cases, this rule does not apply in administrative cases absent specific legislative authority. *Lovelace v. Barnes–Jewish Hosp.*, 158 S.W.3d 859 (Mo.App. E.D.2005). There is no legislative authority for a late notice of appeal in an unemployment case. Therefore, we have no jurisdiction to consider Claimant's appeal.

Claimant's appeal is dismissed for lack of jurisdiction.

ROBERT G. DOWD, JR. and BOOKER T. SHAW, JJ., Concur.