Neeka **MENEH**, Claimant/Appellant,

v.

**HARRAH'S MARYLAND HEIGHTS OPERATING COMPANY, and Division Of Employment Security, Respondents.**

No. ED 87329.

Missouri Court of Appeals, Eastern District, Division Five.

April 11, 2006.

that conclusion.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Neeka Meneh, Saint Louis, MO, for claimant/appellant acting pro se.

Harrah's Maryland Heights Operating Company, Saint Louis, MO, for respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Neeka Meneh (Claimant) appeals from the decision of the Labor and Industrial Relations Commission regarding his unemployment benefits. Because his notice of appeal to this Court is untimely, the appeal is dismissed.

A deputy from the Division of Employment Security concluded Claimant was disqualified from receiving unemployment benefits because he was discharged from his work due to aggravated misconduct connected with his work. The deputy also decided that all of Claimant's wage credits with the employer should be cancelled. Claimant appealed to the Appeals Tribunal, which dismissed his appeal after he failed to appear for his hearing. Claimant then appealed to the Commission, which affirmed the Appeals Tribunal. Claimant then filed a notice of appeal to this Court.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Watkins v. Kings Food Philips Inc.,* 160 S.W.3d 421 (Mo.App. E.D.2005). After reviewing the record filed by the Commission, this Court issued an order directing Claimant to show cause why his appeal should not be dismissed for lack of a timely notice of appeal. Claimant has not filed a response to the order.

Statutes governing unemployment cases provide a claimant twenty days to file a notice of appeal from the date the Commission's decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on October 27, 2005. The decision became final ten days later and Claimant's notice of appeal was due on Monday, November 28, 2005. Sections 288.200.2; section 288.210; section 288.240, RSMo 2000 (if that day falls on a weekend or holiday, the filing date falls to the next business day). Claimant filed his notice of appeal on December 2, 2005, which is untimely.

Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In an unemployment case, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Frenchie v. Division of Employment Sec.,* 156 S.W.3d 437, 438 (Mo.App.

E.D.2005). Therefore, we have no jurisdiction to consider Claimant's appeal.

Claimant's appeal is dismissed for lack of jurisdiction.

ROBERT G. DOWD, JR. and BOOKER T. SHAW, JJ., concurring.