John FUSE, Jr., Claimant/Appellant,

v.

PW & D, INC., and Division of Employment Security, Respondents.

No. ED 87767.

Missouri Court of Appeals, Eastern District, Division Five.

May 16, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondents.

John Fuse, Jr., Saint Louis, MO, for Claimant/Appellant acting pro se.

PW & D, Inc., Maryland Heights, MO, for Respondent acting pro se.

GLENN A. NORTON, C.J.

Claimant John Fuse, Jr. appeals the decision of the Labor and Industrial Relations Commission (Commission) regarding his unemployment benefits. Because Claimant's notice of appeal is untimely, we dismiss the appeal.

Claimant sought unemployment benefits after his separation from employment with his employer. A deputy disqualified Claimant from receiving unemployment benefits, and he has appealed to both the Appeals Tribunal and the Commission. After the Commission affirmed the denial of his unemployment benefits, the Secretary for the Commission certified that she mailed a copy of the Commission's decision to Claimant on October 4, 2005. The notice accompanying the Commission's decision clearly states that it will become "final ten (10) days after the date of mailing" and that the notice of appeal is due twenty (20) days thereafter. Claimant filed his notice of appeal to this Court on March 10, 2006.

The Division has filed a motion to dismiss Claimant's appeal as untimely. A party aggrieved by a Commission's decision is allowed an appeal to the appropriate court of appeals. Section 288.210, RSMo 2000. However, the notice of appeal is due within twenty days after the Commission's decision is final. *Id.* The Commission's decision becomes final ten days after the date of mailing of the decision to the parties. Section 288.200.2, RSMo 2000.

Here, Claimant's notice of appeal was not filed in a timely fashion. The Commission's decision was mailed on October 4, 2005. It became final ten days later and Claimant's notice of appeal was due twenty

days thereafter, on November 3, 2005. Sections 288.200.2; 288.210. Claimant filed his notice of appeal on March 20, 2006, more than four months after it was due.

Claimant did not file a response to the motion to dismiss. However, in an attachment to his notice of appeal, he acknowledges that it is untimely and that he just missed that information at the bottom of the decision. Unfortunately, no matter the circumstances for a late appeal, the statutes do not allow for filing a late notice of appeal in an unemployment case. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Claimant's untimely filing of his notice of appeal is fatal and deprives this Court of jurisdiction to entertain the appeal. *Watkins v. Kings Food Philips, Inc.,* 160 S.W.3d 421 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KATHIANNE KNAUP CRANE, and BOOKER T. SHAW, JJ., concurring.