Casey **SWEET, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. ED 90281.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 6, 2007.

Casey Sweet (pro se), Hillsboro, MO, for appellant.

Matthew R. Heeren, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Casey Sweet (Claimant) appeals from two decisions of the Labor and Industrial Relations Commission (Commission) concerning his application for unemployment benefits. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security concluded that Claimant was ineligible for unemployment benefits because he was unavailable for work. In a separate order, the deputy made a determination that Claimant had been overpaid unemployment benefits in the amount of $2,430. Claimant appealed these decisions to the Appeals Tribunal of the Division, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission. The Commission affirmed both decisions and Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's notice of appeal to this Court is untimely and this Court is without jurisdiction to review the case. Claimant has filed a response to the motion in which he asserts his notice of appeal was timely.

Section 288.210, RSMo 2000, requires that in unemployment cases, a claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decisions to Claimant on July 12, 2007. Therefore, the notice of appeal was due on August 13, 2007. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000. Claimant mailed his notice of appeal to the Commission in an envelope postmarked September 13, 2007. Under section 288.240, the notice of appeal is deemed filed on that date, and is untimely.

Claimant asserts that he received the proper form to file his notice of appeal from the Commission on August 23, 2007, and that he mailed the notice of appeal within the time period. However, section 288.210 clearly requires that the notice of appeal must be filed within twenty days of the decision becoming final, which was ten days after the decision was mailed on July 12, 2007. Claimant's notice of appeal is untimely under section 288.210.

The unemployment statutes fail to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Curry v. Graybar Elec. Co., Inc.,* 211 S.W.3d 644, 645 (Mo.App. E.D.2007).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.