**Derrick MASON, Claimant/Appellant,**

v.

**ABM JANITORIAL SERVICES and Division of Employment Security, Respondents.**

**No. ED 92926.**

Missouri Court of Appeals, Eastern District, Division Five.

June 23, 2009.

Derrick Mason, St. Louis, MO, pro se.

Michael Pritchett, Division of Employment Security, Jefferson City, MO, for respondents.

ABM Janitorial, St. Louis, MO, pro se.

NANNETTE A. BAKER, Chief Judge.

Derrick Mason (Claimant) appeals from the decision of the Labor and Industrial Relations Commission's (Commission) denying his application for unemployment benefits. We dismiss the appeal.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because he had left work voluntarily without good cause attributable to his work or his employer. Claimant appealed to the Appeals Tribunal, which dismissed his appeal. Claimant then appealed to the Commission, which affirmed the Appeals Tribunals' decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Pursuant to section 288.210, RSMo 2000, an unemployment claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on February 20, 2009. Therefore, the notice of appeal to this Court was due on or before Monday, March 23, 2009. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000. Claimant faxed his notice of appeal to the Commission on April 16, 2009, which is untimely under section 288.210.

In unemployment cases, the statutes fail to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Brandy v. Division of Employment Sec.,* 271 S.W.3d 54 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J., concur.