**Danyell BONDS, Claimant/Appellant,**

**v.**

**WHITE CASTLE SYSTEM, INC., and Division of Employment Security, Respondents.**

**No. ED 93014.**

Missouri Court of Appeals, Eastern District, Division Five.

July 14, 2009.

Danyell Bonds, St Louis, MO, pro se.

Michael Pritchett, Jefferson City, MO, for respondent.

White Castle System, St. Louis, MO, pro se.

KENNETH M. ROMINES, Chief Judge.

Danyell Bonds (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision concerning

her application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because her employer discharged her for misconduct connected with her work. She filed an appeal to the Appeals Tribunal, which affirmed the deputy's determination. Claimant then sought review with the Commission, which affirmed the Appeals Tribunal's decision. Claimant appeals to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment matters, the notice of appeal to this Court must be filed within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on April 7, 2009. Therefore, the notice of appeal to this Court was due on or before May 7, 2009. Sections 288.200.2, 288.210. Claimant mailed her notice of appeal to the Commission in an envelope with a postmark of May 8, 2009, which is deemed the date of the filing of the notice of appeal. Section 288.240, RSMo 2000. Claimant's notice of appeal is untimely.

"Section 288.200 RSMo does not provide for late filing and does not recognize any exceptions for filing out of time." *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Brandy v. Division of Employment Sec.*, 271 S.W.3d 54 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER and ROY L. RICHTER, JJ., concur.