Latosha DONABY, Claimant/Appellant,

v.

ADMINISTRATIVE SUPPORT SERVICES GROUP, INC., and Division of Employment Security, Respondents.

No. ED 93771.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 24, 2009.

Latosha Donaby, Florissant, MO, pro se.

Michael Pritchett, Jefferson City, MO, for respondent Div. of Employment Security.

Administrative Support Services Group, Mesa, AZ, pro se.

KENNETH M. ROMINES, Chief Judge.

Latosha Donaby (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her application for unemployment benefits. We dismiss the appeal.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits. Claimant then appealed to the Commission, which affirmed this decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting the notice of appeal is untimely. Claimant has not filed a response to the motion.

■ The statute governing unemployment appeals requires that a notice of appeal to this Court from the Commission's decision be filed within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on April 23, 2009. Therefore, the notice of appeal to this Court was due on or before Tuesday, May 26, 2009. Sections 288.200.2, 288.210; 288.240, RSMo 2000. Claimant mailed a notice of appeal to the Commission in an envelope with a postmark of October 6, 2009. Under section 288.240, the postmark on the envelope is deemed the date of the filing of the notice of appeal. Claimant's notice of appeal is untimely.

■ Chapter 288 governing unemployment cases makes no provision for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Consequently, if the notice of appeal is untimely, this Court is deprived of jurisdiction to entertain the appeal and we can only dismiss it. *Alfred v. Delmar Gardens of Creve Coeur Operating, LLC,* 257 S.W.3d 185, 186 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, J. and ROY L. RICHTER, J., concur.