**Brisha RHODES, Claimant/Appellant,**

v.

**MCOWAN'S KIDS, INC., and Division of Employment Security, Respondents.**

**No. ED 93832.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 22, 2009.

Brisha Rhodes, St. Louis, MO, pro se.

McOwan's Kids Inc., St. Louis, MO, pro se.

Michael Pritchett, Div. of Employment Security, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Chief Judge.

Brisha Rhodes (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because she had been discharged from her employment due to misconduct connected with work. Claimant then appealed to the Appeals Tribunal of the Division, which dismissed her appeal. She filed an application for review with the Commission, which affirmed this decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting the notice of appeal is untimely. Claimant has not filed a response to the motion.

Appeals in unemployment matters require a notice of appeal to this Court from the Commission's decision be filed within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on September 17, 2009. Therefore, the notice of appeal to this Court was due on or before Monday, October 19, 2009. Sections 288.200.2, 288.210; 288.240, RSMo 2000. Claimant mailed a notice of appeal to the Commission in an envelope with a postmark of October 21, 2009. Under section 288.240, the postmark on the envelope is deemed the date of the filing of the notice of appeal. Claimant's notice of appeal is untimely.

Chapter 288 governing unemployment cases makes no provision for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Consequently, if the notice of appeal is untimely, this Court is deprived of jurisdiction to entertain the appeal and we can only dismiss it. *Alfred v. Delmar Gardens of Creve Coeur Operating, LLC*, 257 S.W.3d 185, 186 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER and ROY L. RICHTER, JJ., concur.