### Darryl MULDROW, Claimant/Appellant,

v.

### LOU FUSZ MOTOR COMPANY and Division of Employment Security, Respondents.

### No. ED 95451.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 9, 2010.

Darryl Muldrow, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson city, MO, for Respondent.

Lou Fusz Motor Company, St. Louis, MO, pro se.

ROY L. RICHTER, Chief Judge.

Darryl Muldrow (Claimant) has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision denying his application for unemployment benefits. We dismiss the appeal.

A deputy and the Appeals Tribunal of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits. Claimant filed an application for review with the Commission, which issued a decision affirming the Appeals Tribunal. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Section 288.210, RSMo 2000, of the unemployment statutes requires an aggrieved party decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on July 28, 2010. Therefore, the notice of appeal to this Court was due on or before August 27, 2010. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission on September 1, 2010. Under section 288.240, RSMo 2000, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was September 1, 2010. As a result, Claimant's notice of appeal is untimely.

The right of appeal is purely statutory and where statutes do not give such a right, no appeal exists. *Labrier v. Anheuser Ford, Inc.*, 621 S.W.2d 51, 53 (Mo. banc 1981). The unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, we must dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, and GARY M. GAERTNER, JR., JJ., concur.