**Jessi NIENKE, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 87011.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 24, 2006.

Jessi Nienke, St. Louis, MO, appellant acting pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

GLENN A. NORTON, Chief Judge.

Jessi Nienke (Claimant) appeals from the decision of the Labor and Industrial Relations Commission regarding her unemployment benefits. Because this Court is without jurisdiction, the appeal is dismissed.

A deputy from the Division of Employment Security concluded Claimant was ineligible for unemployment benefits for failing to satisfy the reporting requirements. Claimant appealed to the Appeals Tribunal, which dismissed her appeal. Claimant then filed an application for review with the Commission, which affirmed the Appeals Tribunal's decision on August 18, 2005. Claimant filed a notice of appeal to this Court on September 29, 2005.

A claimant has twenty days to appeal the Commission's final decision. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on August 18, 2005. The decision became final ten days later and Claimant's notice of appeal was due on Monday, September 19, 2005. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant filed her notice of appeal on September 29, 2005, which is untimely.

This Court has a duty to examine its jurisdiction *sua sponte*. *Watkins v. Kings Food Philips Inc.*, 160 S.W.3d 421 (Mo. App. E.D.2005). We issued an order directing Claimant to show cause why her appeal should not be dismissed. Claimant has filed a response, stating she had no excuse for failing to file her notice of appeal in a timely fashion.

Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In an unemployment case, an

untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Frenchie v. Division of Employment Sec.*, 156 S.W.3d 437, 438 (Mo.App. E.D.2005).

Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concur.