Mary **BRENDEL, Claimant/Appellant,**

v.

**UNION ELECTRIC COMPANY, and Division of Employment Security, Respondents.**

No. ED 88550.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 19, 2006.

Mary Brendel, Fenton, pro se.

Cynthia A. Quetsch, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Mary Brendel (Claimant) appeals from the Labor and Industrial Relations Commission's decision denying her claim for unemployment benefits. The Division of Employment Security (Division) has filed a motion to dismiss the appeal for lack of a timely notice of appeal. Claimant has not filed a response to the motion.

A deputy for the Division concluded that Claimant was disqualified for unemployment benefits because she was discharged from her employment for misconduct connected with her work. Claimant then appealed to the Appeals Tribunal, which dismissed her appeal. The Commission affirmed the decision of the Appeals Tribunal. The Commission's order was mailed to the parties on June 9, 2006. Claimant then filed a notice of appeal to this Court. The Commission received Claimant's notice of appeal in an envelope postmarked August 15, 2006.

In an unemployment case, the statute provides that the notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on June 9, 2006. Therefore, the notice of appeal was due on Monday, August 10, 2006. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000.

The Commission received Claimant's notice of appeal in an envelope postmarked August 15, 2006. Claimant's notice of appeal is deemed filed on that date. Section 288.240. Claimant's notice of appeal is untimely. The unemployment statutes make no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *See, Nienke v. Division of Employment Sec.,* 182 S.W.3d 726, 727 (Mo.App. E.D. 2006).

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.