Marvin NELSON, Claimant/Appellant,

v.

ROTH INDUSTRIES, INC., and Division of Employment Security, Respondents.

No. ED 88678.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 17, 2006.

Marvin Nelson, St. Louis, MO, appellant Acting Pro Se.

Cynthia A. Quetsch, Attorney, Jefferson City, MO, for respondent.

Allen Roth, Jr., St. Louis, MO, appellant Acting Pro Se.

BOOKER T. SHAW, Chief Judge.

Marvin Nelson (Claimant) appeals from the Labor and Industrial Relations Commission's decision denying his claim for unemployment benefits. The Division of Employment Security (Division) has filed a motion to dismiss the appeal for lack of a timely notice of appeal. Claimant has not filed a response to the motion.

A deputy for the Division concluded that Claimant was disqualified for unemployment benefits because he was discharged for misconduct connected with his work. Claimant then appealed to the Appeals Tribunal, which reversed the deputy's determination and awarded him unemployment benefits. Claimant's employer, Roth Industries, Inc. (Employer), filed an appeal to the Commission. The Commission reversed the decision of the Appeals Tribunal, concluding that Claimant was discharged for misconduct connected with his

work. Claimant then filed a notice of appeal to this Court.

The unemployment statutes provide that the notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on August 7, 2006. Therefore, the notice of appeal was due on September 6, 2006. Sections 288.200.2, 288.210.

The Commission received Claimant's notice of appeal in an envelope postmarked September 7, 2006. Under section 288.240, RSMo 2000, Claimant's notice of appeal is deemed filed on that date. Therefore, Claimant's notice of appeal is untimely. The unemployment statutes make no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *See, Nienke v. Division of Employment Sec.*, 182 S.W.3d 726, 727 (Mo.App. E.D. 2006).

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J., and PATRICIA L. COHEN, J., concur.