**Bertha BROWN, Claimant/Appellant,**

v.

**SSA SECURITY, INC., and Division of Employment Security, Respondents.**

**No. ED 89425.**

Missouri Court of Appeals, Eastern District, Division Five.

April 24, 2007.

Lynne C. Kaiser, Kansas City, MO, for appellant.

Dwayne Jefferson, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Bertha Brown (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) regarding her unemployment benefits. The appeal is dismissed.

Claimant applied for unemployment compensation and a deputy with the Division of Employment Security (Division) concluded she was disqualified from receiving benefits because she was fired from her job with employer for misconduct connected with her work. She appealed to the Appeals Tribunal, which affirmed the deputy's decision. She then filed an application for review with the Commission, which affirmed the Appeals Tribunal's decision. She has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal because the notice of appeal to this Court is untimely. Claimant has not filed a response to the motion.

In unemployment cases, the notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2 RSMo.2000. Here, the Commission mailed its decision to Claimant on December 20, 2006. Therefore, Claimant's notice of appeal was due on January 19, 2007. Sections 288.200.2, 288.210.

The Commission received Claimant's notice of appeal in an envelope postmarked March 9, 2007. The notice of appeal is deemed filed on that date. Section 288.240 RSMo.2000. Therefore, Claimant's notice

of appeal is untimely. Claimant's notice of appeal stated that she never received the Commission's decision. However, the unemployment statutes do not provide any exceptions for a late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, Claimant's notice of appeal is untimely and its untimeliness deprives this Court of jurisdiction. *Brendel v. Union Elec. Co.,* 201 S.W.3d 569, 570 (Mo.App. E.D.2006). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J. and PATRICIA L. COHEN, J., concur.