**Clarence PUTNAM,**
**Claimant/Appellant,**

v.

**ST. LOUIS UNIVERSITY, and DIVISION OF EMPLOYMENT SECURITY, Respondents.**

No. ED 89637.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 19, 2007.

Clarence Thomas Putman, St. Louis, MO, pro se.

Matthew Ryan Heeren, Jefferson City, Patty Taveras, St. Louis, MO, for Division of Employment Security.

BOOKER T. SHAW, Chief Judge.

Clarence Putnam (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) regarding his unemployment benefits. The appeal is dismissed.

Claimant sought unemployment benefits. A deputy with the Division of Employment Security (Division) concluded he was disqualified from receiving benefits because he was fired from his job with his employer for misconduct connected with his work. He appealed to the Appeals Tribunal, which affirmed the deputy's decision with a slight modification. He then filed an

application for review with the Commission, which affirmed the Appeals Tribunal's decision. Claimant then filed a notice of appeal to this Court.

The Division has filed a motion to dismiss Claimant's appeal because the notice of appeal to this Court is untimely. Claimant has not filed a response to the motion.

■ In unemployment cases, the notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2 RSMo.2000. Here, the Commission mailed its decision to Claimant on March 23, 2007. Therefore, Claimant's notice of appeal was due on Monday, April 23, 2007. Sections 288.200.2, 288.210, 288.240, RSMo 2000 (if the last day for filing a notice of appeal falls on a Sunday, the filing shall be deemed timely if accomplished the next business day). The Commission received Claimant's notice of appeal by facsimile on April 25, 2007. Therefore, Claimant's notice of appeal is untimely.

■ Chapter 288 does not provide any exception for the late filing of a notice of appeal in unemployment cases. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, if the notice of appeal is untimely, this Court has no jurisdiction. *Brendel v. Union Elec. Co.*, 201 S.W.3d 569, 570 (Mo.App. E.D.2006). Therefore, our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J. and PATRICIA L. COHEN, J., concur.