**Tammy (Roth) ALBRECHT,**
**Claimant/Appellant,**

v.

**JAMES FLYING SERVICE, INC.,**
**and Division of Employment**
**Security, Respondents.**

**No. ED 89731.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 2007.

Tammy Albrecht, Fenton, pro se.

Matthew Ryan Heeren, Jefferson City, MO, for Division of Employment Security.

James Flying Service, Inc., St. Louis, pro se.

### BOOKER T. SHAW, Chief Judge.

Tammy (Roth) Albrecht (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) disqualifying her from receiving unemployment benefits. The appeal is dismissed.

Claimant applied for unemployment compensation and a deputy with the Division of Employment Security (Division) concluded she was disqualified from receiving benefits because she left work voluntarily without good cause attributable to her work or employer. She appealed to the Appeals Tribunal, which reversed the deputy's decision and awarded her unemployment benefits. Her employer then filed an application for review with the Commission, which reversed the Appeals Tribunal's decision and concluded she was disqualified. Claimant then filed a notice of appeal to this Court.

■ The Division has filed a motion to dismiss Claimant's appeal because the notice of appeal to this Court is untimely. Claimant has not filed a response to the motion.

In unemployment cases, the notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2 RSMo.2000. Here, the Commission mailed its decision to Claimant on February 26, 2007. Therefore, Claimant's notice of appeal was due on or before March 28, 2007. Sections 288.200.2, 288.210.

■ The Commission received Claimant's notice of appeal in an envelope postmarked May 15, 2007. The notice of appeal is deemed filed on that date. Section 288.240 RSMo.2000. Therefore, Claimant's notice of appeal is untimely. Claimant's notice of appeal stated that she did not receive the Commission's decision in a timely fashion. However, the unemployment statutes do not provide any exceptions for a late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, Claimant's notice of appeal is untimely and its untimeliness deprives this Court of jurisdiction. *Brendel v. Union Elec. Co.*, 201 S.W.3d 569, 570 (Mo.App. E.D.2006). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J. and
PATRICIA L. COHEN, J.