**Jesse HOWARD, Claimant/Appellant,**

v.

**SOUTHEAST MISSOURI HOSPITAL,
and Division of Employment
Security, Respondents.**

**No. ED 96969.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 20, 2011.

Jesse Howard, Cape Girardeau, MO, pro se.

Southeast Missouri Hospital, Cape Girardeau, MO, pro se.

Michael C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Claimant, Jesse Howard, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for benefits because he had been discharged due to misconduct connected with his work. Claimant filed an appeal to the Appeals Tribunal, which reversed the deputy's determination and concluded that Claimant was eligible for benefits. Claimant's employer then filed an appeal to the Commission. On December 8, 2010, the Commission mailed a decision to Claimant that reversed the Appeals Tribunal's decision and concluded Claimant was disqualified from receiving unemployment benefits. Claimant has now filed a notice of appeal to this Court from its decision.[1]

The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

■ In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. In addition, section 288.210, RSMo 2000, of the unemployment benefits statutes provides that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final.

■ Here, the Commission mailed its decision to Claimant on December 8, 2010. Therefore, Claimant's notice of appeal to this Court was due on or before January 7, 2011. Sections 288.200.2, 288.210. The Secretary of the Commission has certified

---

1. Claimant's notice of appeal lists the employment security number as only 10–20397 R–A. His issues listed to be raised on appeal only pertain to this decision. Attached to the no-

tice of appeal, however, is a decision of the Commission in 11–02763 R–A. However, Claimant's appeal does not appear to pertain to this decision.

that Claimant filed his notice of appeal on June 13, 2011. Therefore, Claimant's notice of appeal is untimely.

The unemployment statutes provide the timeline for the filing of a notice of appeal to this Court and make no provision for filing a late notice of appeal. *Ross v. Division of Employment Sec.*, 332 S.W.3d 922 (Mo.App. E.D.2011). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment benefits under chapter 288. *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972); *See also, Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 158–59 (Mo.App. S.D.1995). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., J. and GARY M. GAERTNER, JR., J., Concurs.