

# In the Missouri Court of Appeals
# Eastern District

**DIVISION ONE**

| | | |
|---|---|---|
| HECTOR RUIZ, | ) | No. ED110201 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOTEC CORPORATION, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| Appellant, | ) | |
| | ) | |
| and DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED:  August 16, 2022 |

## Introduction

DOTec Corporation (DOTec) appeals from the decision of the Labor and Industrial Relations Commission (the Commission) affirming the decision of the Appeals Tribunal that Hector Ruiz (Claimant) was not disqualified for unemployment benefits.  DOTec failed to timely file its notice of appeal to this Court, and we therefore dismiss this appeal without reaching its merits.

## Factual and Procedural Background

Claimant previously worked as a senior engineer for DOTec but stopped working due to a required COVID-19 quarantine. Claimant filed a claim for unemployment benefits, which DOTec protested. A Deputy from the Division of Employment Security (the Division)

determined that Claimant was disqualified for waiting week credit and benefits because he left work voluntarily and without good cause. The Appeals Tribunal reversed the Division Deputy's determination and found Claimant was discharged by DOTec, not for misconduct connected with work, and was therefore not disqualified for benefits. The Commission affirmed the decision of the Appeals Tribunal on October 22, 2021. This appeal follows.

Discussion

Employment security cases are governed by Chapter 288, the Missouri Employment Security Law. See section 288.010.[1] Chapter 288 provides an aggrieved party may appeal a decision of the Commission to an appellate court by filing a notice of appeal with the Commission. Section 288.210. This notice of appeal is due within twenty days after the decision becomes final, id., which occurs ten days after it is mailed to the parties, section 288.200.2. The notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope or container in which such paper is received." Section 288.240. The untimely filing of a notice of appeal divests this Court of jurisdiction to entertain the appeal. See Lex Group, Inc. v. Clift, 616 S.W.3d 765, 767 (Mo. App. W.D. 2021).

This Court has a duty to determine *sua sponte* whether it has jurisdiction. See id. After a review of the record, this Court issued an order to show cause why the appeal should not be dismissed for failure to file a timely notice of appeal.

Here, the Secretary of the Commission mailed its decision to the parties on October 22, 2021. Pursuant to section 288.200.2, the decision became final ten days later on November 1, 2021. And under the requirements of section 288.240, DOTec's notice of appeal was due twenty

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

days thereafter, on November 22, 2021.[2] DOTec mailed its notice of appeal on December 9, 2021, which the Commission received on December 13. DOTec stated in its correspondence attached to this notice of appeal that it originally mailed the notice on November 22, but the United States Postal Service had returned the envelope for insufficient postage. Upon receiving the returned mail, DOTec resent the envelope with the correct postage on December 9. DOTec does not contest that this was untimely; instead, DOTec asks this Court to excuse the untimely filing and has filed a "Motion for Special Order Permitting Late Filing of Notice of Appeal" under Rule 81.07.[3]

Section 288.210, however, does not allow for the late filing of a notice of appeal—regardless of reason. Lex Group, 616 S.W.3d at 768; Albrecht v. James Flying Serv., Inc., 228 S.W.3d 58, 59 (Mo. App. E.D. 2007); Bass v. Yong Min Kim, 101 S.W.3d 333, 334–35 (Mo. App. E.D. 2003). There is no mechanism under section 288.210 for seeking a special order to file a late notice of appeal. Bass, 101 S.W.3d at 334–35. And relief under Rule 81.07(a), which permits an appellate court to allow an untimely appeal where the delay is "not due to appellant's culpable negligence," is not available in appeals from unemployment matters.[4] Lex Group, 616 S.W.3d at 768; see also Howard v. Southeast Missouri Hosp., 348 S.W.3d 831, 833 (Mo. App.

---

[2] Twenty days from November 1, 2021, would be November 21, 2021. November 21, however, was a Sunday. Section 288.240 instructs that "[i]n instances where the last day for the filing of any such paper falls on a Saturday, Sunday, or legal holiday, the filing shall be deemed timely if accomplished on the next day which is neither a Saturday, Sunday, nor a legal holiday." The notice of appeal was therefore due the following Monday, on November 22.

[3] All rule references are to the Missouri Supreme Court Rules 2022.

[4] It is not apparent whether DOTec's untimely notice of appeal truly occurred through no fault of its own. According to DOTec, the original mailing included the correct postage and the United States Postal Service erred in its calculation. DOTec stated that it resent the notice of appeal on December 9 "in the same size envelope with the same $.73 postage." The records filed with this appeal, however, reveal that the envelope sent on November 22 included insufficient postage totaling $0.73, and the envelope that was resent and successfully delivered included postage totaling $1.56. Ultimately, whether DOTec is at fault for its untimely notice of appeal is inconsequential; strict adherence to the statutory filing requirements is mandatory.

E.D. 2011). Because DOTec's notice of appeal was untimely, we lack jurisdiction to consider the merits of this case and we must dismiss this appeal.

Conclusion

For the foregoing reasons, we dismiss the appeal. All pending motions are denied.

_Sherri B. Sullivan_

SHERRI B. SULLIVAN, J.

Angela T. Quigless, P.J., and
Robert M. Clayton III, J., concur.