Nedra GARCIA, Claimant/Appellant,

v.

MIDTOWN HOME IMPROVEMENTS, INC., and Division of Employment Security, Respondents.

No. ED 85917.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 28, 2005.

Nedra Garcia, St. Peters, MO, for Appellant.

Cynthia A. Quetsch, Jefferson, City, MO, for Respondent Midtown Home Improvements.

GEORGE W. DRAPER III, Chief Judge.

Nedra Garcia (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her unemployment benefits. Claimant's notice of appeal to this Court is untimely. As a result, we have no jurisdiction and dismiss Claimant's appeal.

Claimant applied for unemployment benefits after being discharged from her employment with Midtown Home Improvements, Inc. (Employer). A deputy concluded that Claimant was eligible for unemployment benefits, because her discharge was not for misconduct connected with work. Employer appealed to the Appeals Tribunal of the Division of Employment Security, which reversed the deputy's decision. The Appeals Tribunal concluded Claimant was disqualified for waiting week credit and benefits for five weeks. Claimant appealed to the Labor

and Industrial Relations Commission (Commission), which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified she mailed the Commission's. decision to Claimant on January 25, 2005. Claimant appealed to this Court by filing a notice of appeal with the Commission by facsimile on February 25, 2005.

Once the Commission's decision is mailed to the parties, it becomes final ten days thereafter. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal a final decision of the Commission. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on January 25, 2005. The decision became final ten days later and the notice of appeal was due on February 24, 2005. Section 288.200; Section 288.210. Claimant sent her notice of appeal by facsimile on February 25, 2005. If a notice of appeal is faxed, it is deemed filed on the date the Division's fax machine receives it. 8 C.S.R. 20–2.010(4). Claimant's notice of appeal is deemed filed on February 25, 2005, and was untimely.

This Court has a duty to examine its jurisdiction *sua sponte. Crowden v. General Sign Co.*, 133 S.W.3d 562, 562 (Mo. App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. Claimant concedes in her response that she faxed the notice of appeal on February 25, 2005, but she believed that it was timely. However, Claimant is mistaken. Despite Claimant's reasons for filing her notice of appeal late, section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save,* 121 S.W.3d 261, 261 (Mo.App.E.D.2003).

The Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., CONCUR.