Steven JOHNSON, Claimant/Appellant,

v.

CLIMATE EXPRESS, INC., and
Division of Employment
Security, Respondents.

No. ED 88532.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 3, 2006.

Steven Johnson, Union, MO, pro se.

Cynthia Ann Quetsch, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Steven Johnson (Claimant) appeals from the Labor and Industrial Relations Commission's decision denying his claim for unemployment benefits. The Division of Employment Security (Division) has filed a motion to dismiss the appeal for lack of a timely notice of appeal. Claimant has filed several papers in response to the motion.

A deputy for the Division concluded that Claimant was disqualified for unemployment benefits because he had been discharged for misconduct connected with his work. The Appeals Tribunal affirmed the deputy's determination. Claimant sought review by the Labor and Industrial Relations Commission (Commission), which affirmed the decision of the Appeals Tribunal. The Commission's order was mailed to the parties on March 29, 2006. Claimant filed a notice of appeal to this Court. The Commission received Claimant's notice of appeal by facsimile on August 14, 2006.

The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. The unemployment statutes provides that the notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. Here, the Commission mailed its decision to the parties on March 29, 2006. Therefore, the notice of appeal was due on April 28, 2006. Sections 288.200.2, 288.210.

The Commission received Claimant's notice of appeal by facsimile on August 14, 2006. Claimant's notice of appeal is deemed filed on that date. 8 C.S.R. 20–

2.010(4); *Garcia v. Midtown Home Improvements, Inc.*, 165 S.W.3d 561, 562 (Mo. App. E.D.2005). Therefore, Claimant's notice of appeal is untimely. Claimant's response goes only to the merits of his appeal and does not demonstrate his notice of appeal was timely.

The unemployment statutes make no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Watkins v. Kings Food Philips Inc.*, 160 S.W.3d 421 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted.[1] Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J., and PATRICIA L. COHEN, J., concur.

---

1. All pending motions filed by Claimant are denied.