Juanita PAYNE, Claimant/Appellant,

v.

TYSON POULTRY, INC., and Division of Employment Security, Respondents.

No. ED 90272.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 30, 2007.

Juanita Payne, Berkeley, MO, pro se.

UC Express, St. Louis, Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Juanita Payne (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the decision of the Appeals Tribunal of the Division of Employment Security (Division) and concluding she was disqualified from receiving unemployment benefits. We dismiss the appeal for lack of jurisdiction.

Claimant lost her job with Tyson Poultry and applied for unemployment. A deputy of the Division of Employment Security (Division) concluded that she was disqualified from receiving unemployment benefits and this determination was affirmed by the Appeals Tribunal of the Division. She then filed an application for review with the Commission, which affirmed the decision of the Appeals Tribunal. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's notice of appeal to this Court is untimely and this Court is without jurisdiction to review the case. Claimant has not filed a response to the motion.

■ We agree with the Division that Claimant's notice of appeal to this Court is untimely. In unemployment appeals, the claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on July 25, 2007. Therefore, the notice of appeal was due on August 24, 2007. Sections 288.200.2, 288.210. Claimant mailed her notice of appeal to the Commission in an envelope postmarked September 6, 2007. Under section 288.240, RSMo 2000, her notice of appeal is deemed filed on that date, and is untimely.

■ The unemployment statutes fail to provide for the filing of a late notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Garcia v. Midtown Home Improvements, Inc.,* 165 S.W.3d 561, 562 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.