**Ralph EDWARDS, Claimant/Appellant,**

v.

**P & B REAL ESTATE, LLC,
and Division of Employment
Security, Respondents.**

**No. ED 90552.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 15, 2008.

Ralph L. Edwards, St. Louis, MO, pro se.

P & B Real Estate, St. Louis, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Ralph Edwards (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying him unemployment benefits on the grounds that he was discharged for misconduct connected with his work. We dismiss the appeal for lack of jurisdiction.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits. This decision was upheld by the Appeals Tribunal of the Division. Claimant then filed an application for review with the Commission. The Commission affirmed the decision of the Appeals Tribunal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment cases, section 288.210, RSMo 2000, requires that a claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on September 24, 2007. Therefore, the notice of appeal was due on October 24, 2007. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission in an envelope postmarked November 15, 2007. Therefore, the notice of appeal is deemed filed on that date. Section 288.240, RSMo 2000; *Brandes v. Correctional Medical Services,* 216 S.W.3d 238 (Mo.App. E.D.2007).

The unemployment statutes fail to provide for the filing of a late notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Therefore, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Garcia v. Midtown Home Improvements, Inc.,* 165 S.W.3d 561, 562 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.