Ronnie EDWARDS,
Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 91152.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 27, 2008.

Ronnie Edwards, St. Louis, MO, pro se.

Matthew Heeren, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Ronnie Edwards (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) finding him ineligible for Trade Readjustment Allowance (TRA). We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for TRA under the Trade Act of 1974, as amended, 19 U.S.C. Section 2291, because he failed to enroll in a trade approved training program or having the training waived by his workforce development office within a timely fashion. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's decision. Claimant then filed an application for review with the Commission, which also affirmed. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

■ To obtain judicial review of a decision of the Division of Employment Security, a claimant must file a notice of appeal to this Court by following the procedures set forth in section 288.210, RSMo 2000. This statute requires a claimant to file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. Under section 288.200.2, RSMo 2000, the Commission's decision becomes final ten days after it is mailed to the parties. Here, the Commission mailed its decision to Claimant on January 29, 2008. Therefore, the notice of appeal was due on or before February 28, 2008. Sections 288.200.2, 288.210. Claimant sent his notice of appeal by U.S. mail on March 28, 2008. Un-

der section 288.240, the date of the postmark is the date the notice of appeal is considered filed. As a result, Claimant's notice of appeal was filed on March 28, 2008, and it was untimely.

■ There are no provisions in the unemployment statutes for the filing of a late notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Therefore, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Garcia v. Midtown Home Improvements, Inc.,* 165 S.W.3d 561, 562 (Mo.App. E.D. 2005).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.