Zandra CHATMAN,
Claimant/Appellant,

v.

**ARAMARK SCHOOLS, LLC,**
**and Division of Employment**
**Security, Respondents.**

**No. ED 91247.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 10, 2008.

Zandra Chatman (pro se), St. Louis, MO, for appellant.

Ronald J. Miller, Jefferson City, MO, Aramark Schools LLC, St. Louis, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Zandra Chatman (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her unemployment benefits. We dismiss the appeal for lack of jurisdiction.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits. This decision was upheld by the Appeals Tribunal of the Division. Claimant then filed an application for review with the Commission, which affirmed the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment cases, section 288.210, RSMo 2000, requires that a claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on March 18, 2008. Therefore, the notice of appeal was due on April 17, 2008. Sections 288.200.2, 288.210. Claimant filed her notice of appeal by fax to the Commission on April 19, 2008. It is untimely under section 288.210.

The unemployment statutes do not contain a provision for filing a late notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Therefore, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Garcia v. Midtown Home Improvements, Inc.*, 165 S.W.3d 561, 562 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.