Kenneth B. JONES,
Claimant/Appellant,

v.

SHILLINGTON BOX CO., LLC,
and Division of Employment
Security, Respondents.

No. ED 92355.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 17, 2009.

Kenneth Jones, Black Jack, pro se.

Shelly Kintzel, Division of Employment Security, Jefferson City, MO, for respondents.

Shillington Box Company LLC, St. Louis, pro se.

NANNETTE A. BAKER, Chief Judge.

Kenneth B. Jones (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying his claim for unemployment benefits. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits because he was discharged due to misconduct connected with his work. She appealed to the Appeals Tribunal, which affirmed the disqualification. Claimant then sought review by the Commission, which affirmed the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court.

The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely and thus, this Court lacks jurisdiction. Claimant has not filed a response to the motion.

■ The notice of appeal to this court from the Commission's decision in unemployment matters is due within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on October 31, 2008. Therefore, the notice of appeal was due on or before Monday, December 1, 2008. Sections 288.200.2, 288.210; 288.240, RSMo 2000. Claimant mailed the notice of appeal to the Commission in an envelope postmarked December 17, 2008. Under section 288.240, the no-

tice of appeal is deemed filed on that date. *Brandes v. Correctional Medical Services,* 216 S.W.3d 238 (Mo.App. E.D.2007). Therefore, it is untimely under section 288.210.

■ Chapter 288 governing unemployment cases fails to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo. App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Alfred v. Delmar Gardens of Creve Coeur Operating, LLC,* 257 S.W.3d 185, 186 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN and KENNETH M. ROMINES, JJ., concur.