Latasha GAYFIELD,
Claimant/Appellant,

v.

BOSTON MARKET CORPORATION,
and Division of Employment
Security, Respondents.

No. ED 93194.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 4, 2009.

Latasha Gayfield, St. Louis, MO, pro se.

Boston Market Corporation, St. Louis, MO, pro se.

Michael Cook Pritchett, Dept. of Labor & Industrial Relations, Div. of Employment Security, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Chief Judge.

Latasha Gayfield (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision regarding her application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because her employer discharged her for misconduct connected with her work. She filed an appeal to the Appeals Tribunal, which dismissed her appeal. Claimant then sought review with the Commission, which affirmed the Appeals Tribunal's decision. Claimant appeals to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

The unemployment statutes provide that a notice of appeal to this Court must be filed within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

■ Here, the Commission mailed its decision to Claimant on May 6, 2009. Under sections 288.210 and 288.200.2, Claimant's notice of appeal to this Court was due on or before June 5, 2009. Claimant's notice of appeal was mailed in an envelope with a postmark of June 20, 2009. Under section 288.240, RSMo 2000, the notice of appeal is deemed filed on the date of the postmark on the envelope, June 20, 2009. Claimant's notice of appeal is untimely.

 "Section 288.200 RSMo does not provide for late filing and does not recognize any exceptions for filing out of time." *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Withrow v. Shining Example Floor Maintenance Co., Inc.,* 277 S.W.3d 302, 303 (Mo.App. E.D.2009). Our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, J., and ROY L. RICHTER, J. concur.