**Alberto WANCEL, Claimant/Appellant,**

**v.**

**DT MANAGEMENT, LLC, and Division of Employment Security, Respondents.**

**No. ED 93656.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 24, 2009.

Alberto Wancel, Kirkwood, MO, pro se.

DT Management LLC, Nashville, TN, pro se.

Michael Pritchett, Div. of Employment Security, Jefferson City, MO, for Respondents.

KENNETH M. ROMINES, Chief Judge.

Alberto Wancel (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying his application for unemployment benefits. We dismiss the appeal.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits. Claimant then appealed to the Commission, which dismissed his application for review. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting his notice of appeal is untimely. Claimant filed a response to the motion.

■ The statute governing unemployment appeals requires that a notice of appeal to this Court from the Commission's decision be filed within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's

decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on March 13, 2009. Therefore, the notice of appeal to this Court was due on or before Monday, April 13, 2009. Sections 288.200.2, 288.210; 288.240, RSMo 2000. Claimant mailed his notice of appeal to the Commission in an envelope with a postmark of September 17, 2009. Under section 288.240, the postmark on the envelope is deemed the date of the filing of his notice of appeal. Claimant's notice of appeal was filed over five months out of time. Claimant's response addresses only the timeliness of his application for review with the Commission and does not address the timeliness of his notice of appeal to this Court.

There is no provision in Chapter 288 governing unemployment cases to file a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo. App. E.D.2000). Consequently, if the notice of appeal is untimely, this Court is deprived of jurisdiction to entertain the appeal and we can only dismiss it. *Alfred v. Delmar Gardens of Creve Coeur Operating, LLC,* 257 S.W.3d 185, 186 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, J. and ROY L. RICHTER, J., concur.