**Michael CAMPBELL,**
**Claimant/Appellant,**

v.

**BLATTNER STEEL COMPANY,**
**and Division of Employment**
**Security, Respondents.**

**No. ED 93871.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 22, 2009.

Michael Campbell, Cape Girardeau, MO, pro se.

Blattner Steel Co., c/o Chas F. Blattner III, Cape Girardeau, MO, pro se.

Michael Pritchett, Div. of Employment Security, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Chief Judge.

Michael Campbell (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because he had been discharged from his employment due to misconduct connected with work. Claimant then appealed to the Appeals Tribunal of the Division, which dismissed his appeal. He filed an application for review with the Commission, which affirmed this decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting the notice of appeal is untimely. Claimant has not filed a response to the motion.

Appeals in unemployment matters require a notice of appeal to this Court from the Commission's decision be filed within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on June 9, 2009. Therefore, the notice of appeal to this Court was due on or before July 9, 2009. Sections 288.200.2, 288.210. Claimant mailed a notice of appeal to the Commission in an envelope with a postmark of October 29, 2009. Under section 288.240, RSMo 2000, the postmark on the envelope is deemed the date of the filing of the notice of appeal. Claimant's notice of appeal is untimely.

There is no provision in Chapter 288 governing unemployment cases for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, if the notice of appeal is untimely, this Court is deprived of jurisdiction to entertain the appeal and we can only dismiss it. *Gayfield v. Boston Market Corp.,* 291 S.W.3d 363, 364 (Mo.App. E.D.2009).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER and ROY L. RICHTER, JJ., concur.