Ernest WILLIS, Claimant/Appellant,

v.

**TJW MANAGEMENT, INC., and Division of Employment Security, Respondents.**

**No. ED 93863.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 22, 2009.

Ernest Willis, St. Louis, MO, pro se.

TJW Management, St. Louis, MO, pro se.

Michael Pritchett, Div. of Employment Security, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Chief Judge.

Ernest Willis (Claimant) appeals from the decision of the Labor and Industrial

Relations Commission (Commission) denying his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because he had been discharged from his employment due to misconduct connected with work. Claimant then appealed to the Appeals Tribunal of the Division, which reversed the deputy's determination and found Claimant eligible for benefits. Claimant's employer, TJW Management, Inc., then filed an application for review with the Commission, which reversed the Appeals Tribunal's decision and concluded Claimant was ineligible for benefits. Claimant then filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting the notice of appeal is untimely. Claimant has not filed a response to the motion.

In unemployment cases, the notice of appeal to this Court from the Commission's decision must be filed within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to the parties on September 11, 2009. Therefore, any notice of appeal to this Court was due on or before Tuesday, October 13, 2009. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000. Claimant mailed two notices of appeal to the Commission. The earliest notice of appeal was in an envelope with a postmark of October 28, 2009. Under section 288.240, the postmark on the envelope is deemed the date of the filing of the notice of appeal. Claimant's notice of appeal is untimely.

There is no provision in Chapter 288 governing unemployment cases for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, if the notice of appeal is untimely, this Court is deprived of jurisdiction to entertain the appeal and we can only dismiss it. *Gayfield v. Boston Market Corp.*, 291 S.W.3d 363, 364 (Mo.App. E.D.2009).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER and ROY L. RICHTER, JJ., concur.