Mark SHAVER, Claimant/Appellant,

v.

CASINO ONE CORPORATION and Division of Employment Security, Respondents.

No. ED 94617.

Missouri Court of Appeals, Eastern District, Division Five.

May 25, 2010.

Mark Shaver, Florissant, MO, pro se.

Stuart R. Berkowitz, (Casino One Corporation), St. Louis, MO, Michael Pritchett, (Div. of Employment Security), Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Chief Judge.

Mark Shaver (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was eligible for unemployment benefits. His employer then appealed to the Appeals Tribunal of the Division, which reversed the deputy's decision and concluded Claimant was ineligible for benefits. Claimant then filed an application for review with the Commission, which issued an order affirming the Appeals Tribunal's decision. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has filed a response to the motion.

Section 288.210, RSMo 2000, requires that a claimant file a notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on February 22, 2010. Therefore, the notice of appeal to this Court was due on or before March 24, 2010. Sections 288.200.2, 288.210. Claimant faxed his notice of appeal to the Commission on March 25, 2010. As a result, Claimant's notice of appeal is untimely.

In his response, Claimant acknowledges that his notice of appeal is untimely, but asks this Court to deny the motion because of his lack of knowledge about the appellate process. Unfortunately, the unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In addition, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Wancel v. DT Management, LLC*, 299 S.W.3d 49, 50 (Mo.App. E.D.2009).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, and ROY L. RICHTER, JJ., concur.