**Michael YAKES, Claimant/Appellant,**

v.

**ROLAND LAWN SERVICE, INC.,
and Division of Employment
Security, Respondents.**

**No. ED 94545.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 25, 2010.

Michael Yakes, New London, MO, pro se

Roland Lawn Service Inc. c/o Shannon M. Roland, Hannibal, MO, Michael Pritchett, (Div. of Employment Security), Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Chief Judge.

Michael Yakes (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits. He appealed to the Appeals Tribunal of the Division, which affirmed the deputy's decision. Claimant then filed an application for review with the Commission, which issued an order affirming the Appeals Tribunal's decision. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has filed a response to the motion.

Section 288.210, RSMo 2000, requires that a claimant file a notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on February 22, 2010. Therefore, the notice of appeal to this Court was due on or before March 24, 2010. Sections 288.200.2, 288.210.

Here, the Commission mailed its decision to Claimant on February 4, 2010. Therefore, the notice of appeal to this Court was due on or before March 8, 2010. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commis-

---

4. Wade's post-argument Motion for Attorney's Fees for Frivolous Appeal is denied.

sion. Under section 288.240, RSMo 2000, a notice of appeal that is mailed to the Commission is "deemed to be filed as of the date endorsed by the United States post office on the envelope...." Here the date endorsed by the United States post office was March 10, 2010. As a result, Claimant's notice of appeal is untimely.

In his response, Claimant asserts he mailed the notice of appeal in a timely fashion, but it was mailed to the wrong address and was late. However, the statute provides that the date of filing is actually the date the envelope is postmarked, and not the date actually received by the Commission. As stated above, the postmark is March 10, 2010. Despite his assertions, the record demonstrates that Claimant did not mail the notice of appeal until March 10, 2010, which was untimely.

Unfortunately, the unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). In addition, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Wancel v. DT Management, LLC,* 299 S.W.3d 49, 50 (Mo.App. E.D.2009).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, J. and ROY L. RICHTER, J., concur.